RIVERA, PLAINTIFF AND APPELLANT-APPELLEE, *v.* MARTÍNEZ,
DEFENDANT AND APPELLEE-APPELLANT.

APPEAL from the District Court of Aguadilla in an Action for
Libel and Damages.

MOTION by Defendant to Correct the Record.

No. 1778.—Decided February 7, 1918.

TRANSCRIPT OF RECORD—NOTICE OF JUDGMENT.—Notice of the judgment to the
appellant need not appear in the transcript of the record. The fact that
the appeal has been taken implies that the said party knew of the existence
of the judgment, which is the purpose of such notice.

ID.—APPEAL—NOTICE OF APPEAL.—When both parties reside in the same city the
appellant should not serve notice of appeal on the adverse party by mail,
this being a ground for dismissal of the appeal unless it is shown, as was
done in this case, that the appellee was duly informed of the appeal.

ID.—ID.—ID.—CERTIFICATE OF CLERK.—The certificate of the clerk should state,
in the language of the law, that the transcript contains a true and exact
copy of the judgment roll and of the notice of appeal, but this does not
mean that failure to follow literally the wording of the statute renders the
certificate invalid.

CORRECTION OF RECORD—ANSWER.—The fact that a plaintiff-appellant does not
file a written answer to a motion of the defendant-appellee for leave to cor-
rect the record is no ground for considering the allegations therein contained
to be true. Section 132 of the Code of Civil Procedure is not applicable to
the case.

STATEMENT OF CASE.—Section 299 of the Code of Civil Procedure prescribes the
procedure to be followed for the preparation of the statement of the case,
and the day set by the trial judge is the proper time for the adverse party
to appear and make such observations as he may deem pertinent concerning
the bill or statement presented by the appellant.

ID.—JUDGMENT ROLL.—According to Rule 55 of the court, proceedings for the
preparation of a statement of the case cannot be reopened after it has been
approved and ordered by the trial judge to be included in the judgment roll.

The facts are stated in the opinion.

*Mr. Luis Llorens Torres* for the plaintiff.

The defendant appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

On January 14, 1918, the transcript of the record pre-
pared by the plaintiff-appellant in an action brought by José
C. Rivera in the District Court of Aguadilla against Víctor
P. Martínez for damages for libel was filed in the office of
the secretary of this court. On January 22 Víctor P. Mar-

tínez, defendant in the said action, filed a motion, dated the twenty-first of the same month, alleging (1) that a copy of the transcript was served on him on January 12, 1918; (2) that the judgment in the action was rendered on October 26, 1917, but it does not appear when the appellant was notified of it, therefore it must be concluded that the appeal was taken after the expiration of the legal period; (3) that the service of the notice of appeal is void because it was made by mail although both parties reside at the same place; (4) that on December 11, 1917, the defendant filed with the secretary of the lower court certain "amendments to the statement of the case and bill of exceptions, of which notice was given to this party on the fourth instant in the appeal taken by plaintiff José C. Rivera from the judgment rendered by this court on October 26, 1917, and of which notice was given on the twenty-seventh of the same month," but that the defendant has not been notified of any ruling of the said lower court allowing or rejecting the said amendments which are copied into the motion; (5) that the certificate of the secretary subjoined to the transcript of the record does not conform to the statutory requirements.

Notwithstanding allegations 2, 3 and 5, the defendant's motion prays only that this court order the record to be corrected according to the proposed amendments.

Later the said defendant filed another motion dated January 26 last, alleging that the first motion was verified; that notice of it had been served on the adverse party; that the hearing on the motion was set for January 28 and that his said first motion had not been opposed, wherefore according to section 132 of the Code of Civil Procedure, it should be taken as true and consequently the appellant should be ordered to correct and amend the transcript of the record according to his said first motion.

The case was called for a hearing on the motion on the day set and the defendant did not appear. Only the plaintiff appeared by his attorney.

In view of the limited prayer of the defendant both in his motion of January 21 and in that of January 26, we might refuse to consider the questions raised under Nos. 2, 3 and 5 of the first of said motions, nevertheless we will proceed to consider them.

It is not necessary that the transcript should show that the appellant was notified of the judgment. The fact of his having appealed implies that the said party was advised of the existence of the judgment, and this is the purpose of the notice. It appears that the defendant confounds notice of the judgment with the recording of it in the books of the court.

When both parties reside in the same town the appellant should not serve notice of his appeal on the defendant by mail. But for the fact that the defendant's own motion shows that he was informed in time of the taking of the appeal, this would be a sufficient ground for dismissal of the appeal. See *Quintero et al.* v. *Morales,* 19 P. R. R. 1120.

The statute relied on by the defendant prescribes that the record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorney of the parties, of the judgment roll and of the notification of the appeal.

The secretary of the lower court certified in the present case that the transcript was a true and correct copy of the material original pleadings in the action. We have examined the said transcript and find that it contains all the documents constituting the judgment roll as well as the notice of appeal. So that although the secretary did not follow the wording of the statute in his certificate as he ought to have done, it is a fact that he practically complied with all of its requirements.

We now come to the final question regarding the correction of the record, and this is the opportune moment for considering also the second motion of the defendant. Section 132 of the Code of Civil Procedure, which provides that

every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true, is not applicable to this case. Indeed, it would have been much more correct for the plaintiff to have answered the defendant's motion in writing, but his failure so to do is no ground for taking all the defendant's allegations as true.

We have already said that the defendant did not appear at the hearing on his motion. The plaintiff appeared and only orally opposed the proposed amendments because this was not the time nor the proper proceeding therefor.

Section 299 of the Code of Civil Procedure prescribes the manner of preparing the statement of the case, and the day set by the trial judge is the proper time for the adverse party to appear and make whatever objections he may deem fit with regard to the bill of exceptions or statement filed by the appellant. The defendant does not allege in his motion that he was not given the opportunity provided for by the law, but rests his entire complaint on the fact that he had received no notice of what had been determined regarding the written amendments filed by him. The parties cannot impose upon the courts such a course of procedure as they may elect, but must submit to that provided for by the law and practiced by the courts.

Besides, what really is now sought is to reopen the proceedings for the preparation of a statement of the case which has already been approved and ordered by the trial court to be included as a part of the judgment roll (transcript of record, p. 55). Such a proceeding does not lie within the provisions of Rule 55 of this court.

Therefore, the defendant's motions of January 21 and 26 must be overruled.

*Motion overruled.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.